the machines; and that, therefore, appellant has obtained a new and useful result which could not be obtained by any of the devices shown in the references.

It is conceded by the solicitor for the Patent Office that appellant's machine planes a distorted board on both sides with only one passage through the machine. The solicitor contends, however, that, if the "planing mechanism of Herzog * * * for planing the undersurface of a distorted board be substituted for the first or undersurface planing mechanism of the doublesurface planer of Luther to the left of Luther's rolls A B' of Fig. 2," the same results would be obtained, and that such a substitution is obvious to one skilled in the art.

The question of whether a new and useful combination of old elements is suggested by the prior art and obvious to one skilled therein is largely a matter of opinion, concerning which minds may differ.

The primary examiner, a technical expert in the art, was of opinion that appellant's combination was a new and useful improvement and required the exercise of inventive genius to perfect it, and, accordingly, allowed ten claims, which specifically described the invention. It is not contended that the involved claims do not define appellant's invention, nor that they are sufficiently broad to read on any one reference. The sole contention is that appellant's combination, admittedly a new and useful improvement, is suggested by the references and is obvious to one skilled in the art.

I am unable to concur in that contention. Furthermore, the allowance by the primary examiner of the specific claims is sufficient, at least, to raise a doubt as to the applicability of the references, and this doubt should be resolved in the applicant's favor. See In re Englehardt, 40 F.(2d) 760, 17 C. C. P. A. 1244; In re Kirschbraun, 44 F.(2d) 675, 18 C. C. P. A. 735. I am not unmindful of the fact that there may be many cases where broad claims would be unpatentable over a combination of prior art references, although the patentability of specific claims would not be negatived by them. But where, as here, the specific claims include only the same features which are found in the combination of references relied upon by the Patent Office to negative patentability of the broad claims, it seems to me that all of the claims, broad and specific, should either have been allowed or rejected.

Having found that appellant's combination involved invention, and specific claims having been allowed appellant, I am unable to understand why broader claims *defining his invention* should not be allowed.

## In re BOYD et al.
### Patent Appeal No. 2862.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

Wm. O. Belt, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the examiner, rejecting claims 9, 10, and 11, being all the claims of appellants' application, filed July 3, 1926, as unpatentable over the prior art.

Claim 9 is illustrative of the claims on appeal and reads as follows: "9. As an improved article of manufacture, the herein described piston comprising in a single integral element an annular body with a thin metal webbing forming the skirt and head of the same, and uninterrupted uniformly tapered and radially extending reenforced ribs between the head and skirt bead, each of which extends at the head portion to the concentric

annular rib on the inner wall of the head and terminating at the said bead with their terminals disposed within the thickness of said bead."

The references relied upon are:

Maire, 1,249,799, December 11, 1917.

Clark, 1,358,364, November 9, 1920.

Kickham et al. (British), 125,728, May 1, 1919.

The application involves a form of piston in which at the lower edge there is an internal, annular bead, and internal longitudinal ribs extend radially from the head of the piston, down along the side walls and terminate in the aforementioned annular bead. The piston is provided with bosses for wrist pins, each of said bosses having a flange formed integral therewith, and with the side wall and head of the piston. These bosses are also connected by an integral annular rib which also intersects the longitudinal ribs aforementioned. These intersecting ribs strengthen the piston and prevent distortion thereof.

The examiner and the Board of Appeals held that in view of Maire and Kickham et al., it would not involve invention to extend the reinforcing ribs in Clark so as to unite them with the bead at the lower edge.

Appellants at the time of making the alleged invention manufactured the Clark piston pursuant to a license, and the applicants claim that the Clark piston was defective in so far as the portion of the skirt below the rib which extended downward from the head would become hot, swollen, and distorted, owing to the unequal distribution of heat. They conceived the notion of uniting the rib with the bead at the open end of the piston which, they state, reinforces the skirt down to the bead and at the same time tends to hold the ribs and bead in proper position.

The main reference is Clark, and it will be noticed that the only difference claimed between the applicants' piston and Clark's piston is in the fact that the rib extends to the bead in the applicants' piston and does not extend that far in Clark's.

Maire and Kickham et al. both show fins extending to the bead, and the fins in both instances served the purpose of distribution of heat and of strengthening the walls of the piston. Appellants argue that nothing is said in Kickham et al. or Maire with reference to uniting the fins with the bead, and that the showing in the drawings is merely accidental.

It is well settled that description for purposes of anticipation may be by drawings alone, as well as by words. Jockmus v. Levi-ton (C. C. A.) 28 F.(2d) 812, cited with approval in In re Bager et al., 47 F.(2d) 951, 18 C. C. P. A. 1094.

We agree with the concurring conclusions of the Patent Office tribunals that it was obvious to one skilled in the art that extension of the ribs to the bead would not only more evenly distribute the heat and thus protect the skirt from the undesirable conditions referred to, but that it would also function in reinforcing the ribs, bead, and skirt, and that it would not involve invention to so unite them.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in the decision of this case.

## GIBBS et al. v. WOHL.

Patent Appeal No. 3145.

Court of Customs and Patent Appeals.

Feb. 9, 1932.

Irvin G. Menikheim, of Washington, D. C., for appellants.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

### PER CURIAM.

It appears from the record in the foregoing case that the patent, No. 1,285,117, issued November 19, 1918, to Harry D. Gibbs and Courtney Conover, employees of the government of the United States, in the Department of Agriculture, has been by them assigned to the government of the United States of America and the people thereof,